UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY MCDONALD,<br><br>                          Plaintiff,<br>v.<br><br>CIRCLE K STORES, INC.,<br><br>                         Defendant. | Case No.: 22cv495-L-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 7]** |

      Pending before the Court in this putative class action alleging wages and hours violations under California law is Plaintiff's motion to remand to the action to State court. Defendant filed an opposition and Plaintiff replied. For the reasons stated below, the motion is granted.

      Plaintiff filed a complaint in State court asserting numerous California Labor Code violations and violation of California Business and Professions Code § 17200 on behalf of non-exempt employees of Defendant Circle K Stores, Inc. employed since January 1, 2021. (ECF No. 1-2 at 60, Second Am. Class Action Compl. ("Compl.").) Plaintiff also filed this action pursuant to the California Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). (*Id.* at 1.) Plaintiff alleged that Defendant failed to pay all due minimum and overtime wages, provide meal periods, permit rest breaks, provide accurate itemized wage statements, and failed to timely pay all wages due upon separation from

employment. Defendant removed the action to this Court under 28 U.S.C. §§1453 and 1446 based on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).[1] "In order to remove, the defendant must file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962 (9th Cir. 2020). In its notice of removal, Defendant asserted, among other things, that Plaintiff's claims placed more than $5 million in controversy. (ECF No. 1, "Not. of Removal," at 8.)

The plaintiff may challenge a notice of removal with a motion to remand. *See, e.g., Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). Here, Plaintiff challenged the allegations in support of the amount in controversy. She did not dispute that the other jurisdictional requirements were met.

A plaintiff can make "either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Id.*

> A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. A factual attack contests the truth of the ... allegations themselves.

*Id.*

The parties disagree whether Plaintiff's motion made a facial or factual attack. To calculate the amount in controversy, Defendant used a four-year liability period, resulting

---

[1] Unless stated otherwise, internal ellipses, brackets, citations, and quotation marks are omitted from citations.

in approximately 200,590 total workweeks. (Not. of Removal at 5; *see also* ECF No. 8-2, "Dunn Decl." at 2.) This assumption accounted for nearly $3 million for Plaintiff's rest period claim, or more than half of Defendant's calculated aggregate amount of approximately $5.1 million. (Not. of Removal at 6, 8.) Plaintiff challenged the four-year liability period arguing that it "grossly inflates" the amount in controversy, given that the class period was only 16 months, starting on January 1, 2021. (ECF no. 7-1, "Mot." at 8-9.) Plaintiff's claims are stated on behalf of a putative class of Defendant's non-exempt employees who had been employed on or after January 1, 2021. (Compl. at 3-4.) Because Plaintiff directly challenged the factual basis for Defendant's assumption of a four-year liability period and the reasonableness of the resulting approximately 200,590 total workweeks, she made a factual attack on the amount-in-controversy allegation. *Cf. Harris,* 980 F.3d at 700.

The fact that Plaintiff did not introduce evidence in support of her challenge is not fatal to the determination that she made a factual attack. *See Harris,* 980 F.3d at 700. "A factual attack ... need only challenge the truth of the defendant's jurisdictional allegation by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.*

"When a plaintiff mounts a factual attack, the burden is on the defendant to show, by the preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris*, 980 F.3d at 699. Accordingly, Defendant had the burden "of supporting its jurisdictional allegations with competent proof." *Id.* at 701.

With its opposition, Defendant filed a declaration of Claudia Garcia, Defendant's Director of Human Resources & Training, to authenticate the database used to make the amount-in-controversy calculation (ECF No. 8-2), and a declaration of defense counsel's paralegal who used the database to calculate the amount in controversy (Dunn. Decl.). These declarations do not address the reasonableness of Defendant's assumption of a four-year liability period.

/ / / / /

Defendant also filed a Request for Judicial Notice. (ECF No. 9.) The Court takes judicial notice of the Order Granting Final Approval of the Class Action Settlement and Approval of the PAGA Settlement Order and Judgment filed on February 18, 2022, in *Swayzer v. Circle K Stores, Inc.* in the Superior Court for the State of California for the County of Sacramento (ECF no. 9-1, "*Swayzer* Order")). *See* Fed. R. of Evid. 201. Defendant did not rely on the *Swayzer* Order to support its assumption of a four-year liability period but to argue that Plaintiff's counsel could potentially recover the same amount of attorney's fees as the class counsel in *Swayzer*. (Opp'n at 14.) Accordingly, Defendant presented no proof to support the reasonableness of its four-year liability period assumption.

The *Swayzer* Order shows that Defendant's four-year liability period assumption and the resulting calculation of nearly $3 million in controversy for the rest break claim, are unreasonable and unsupported for the reasons raised in Plaintiff's motion. The *Swayzer* class action was filed against the same Defendant for the same wages-and-hours and PAGA claims as the pending action. (*Cf.* Compl. with *Swayzer* Order at 7-9; *see also* Opp'n at 14 (*Swayzer* "is nearly identical wage and hour class action that previously drove a stay of this case[.]").) The difference between the two actions is that the *Swayzer* class included Circle K non-exempt employees "during the period of February 11, 2015 to December 31, 2020" (*Swayzer* Order at 6), while this action includes Circle K non-exempt employees "at any time between January 1, 2021 and the date of class certification" (Compl. ¶ 20). Accordingly, this action picks up where the *Swayzer* action ended.

Defendant knew this when it filed the Notice of Removal in this action. The same counsel represented Circle K Stores, Inc. in *Swayzer* as in the pending case. The *Swayzer* docket shows that the settlement was reached no later than February 17, 2021, and before April 11, 2022, when Defendant filed its Notice of Removal in this case. Nevertheless, Defendant did not take the opportunity in its opposition to explain why a four-year liability period is reasonable in this action despite the *Swayzer* Order.

The unreasonableness of Defendant's assumption of a four-year liability period is underscored by the release provisions in the *Swayzer* Order:

> 9.  Final Judgment is hereby entered in this action. The Final Judgment shall bind each Participating Class Member.[2] The Final Judgment shall operate as a full release and discharge of Defendant ... ("Released Parties") from any and all Released Class Claims that occurred during the Class Period[3] as to the Participating Class Members. The Released Class Claims are defined as any and all California state, local and common law claims for unpaid wages and overtime compensation (including but not limited to any claims based on working "off-the-clock"), unpaid minimum wages, unpaid rest break premiums, unpaid meal period premiums, waiting time penalties, wage statement penalties, any and all claims for civil penalties (including those asserted under PAGA) based on any of the acts alleged in the Actions[4] or arising out of the facts, matters, transactions or occurrences set forth in the Actions as set forth above and any other violation of any wage and hour, wage payment, wage deduction, meal and rest break, recordkeeping, unfair business practice or any other wage-related statutes, laws or regulations ... California Class Member or CSR Sub-Class Member[5] arising out of the acts alleged in the Actions or arising out of the facts, matters, transactions or occurrences set forth in the Actions during the California Class Period and CSR Sub-Class Period ("Released California Class Member and CSR Sub-Class Member Claims"). Released California Class Member and CSR Sub-Class Member Claims shall also include any and all claims for attorneys' fees, costs, expenses, interest, penalties, liquidated damages, punitive damages and any other damages or relief that have been or could have been asserted by any California Class Member or CSR Sub-Class Member arising out of the acts alleged in the Actions or arising out of the facts, matters, transactions or occurrences set forth in the Actions. Specifically excluded from the Released California Class Member and CSR Sub-Class Member Claims are claims that: (1) cannot be waived as

---

[2]  "Every person in the Class who did not opt out is a Participating Class Member." (*Swayzer* Order ¶ 2.) Nine individuals opted out of the Class. (*Id.*)

[3]  All class and sub-class periods in the *Swayzer* settlement ended on December 31, 2020. (*Swayzer* Order ¶¶ 1.a., 1.b., 8.)

[4]  "Actions" refers to the four class actions consolidated in the *Swayzer* action. *See Swayzer* Order ¶¶ 11, 12.

[5]  "CSR Sub-Class" refers to a sub-class of customer service representatives. (*Swayzer* Order ¶ 1.b.)

> a matter of law, such as claims for unemployment insurance, workers' compensation and vested benefits covered by ERISA; (2) claims for wrongful termination, discrimination, retaliation and harassment under any state or federal civil rights law, including Title VII and California's Fair Employment and Housing Act; and 3) claims outside the temporal scope of the California Class Period and CSR Sub-Class Period.
>
> 10.  The Final Judgment shall also operate as a full release and discharge of Defendant and the Released Parties from any and all Released PAGA Claims that occurred during the PAGA Sub-Class Period as to the PAGA Sub-Class Members.  "Released PAGA Claims" are defined as the claims asserted by the PAGA Sub-Class Members for alleged violations of the California Labor-Code and IWC Wage Order provisions identified in the PAGA Notices sent to the LWDA and further identified in the operative complaints in the Actions that are alleged to have occurred during the PAGA Sub-Class Period ("Released PAGA Sub-Class Claims").

The *Swayzer* settlement release covers all claims alleged in this action for the period prior to January 1, 2021, including wages-and-hours claims, claims for violation of California Business and Professions Code § 17200, and PAGA claims.

In its opposition, Defendant argued its assumption of a four-year liability theory was reasonable because the complaint did not expressly delimit the liability period, and four years coincided with the relevant statute of limitations.  (ECF No. 8, "Opp'n" at 9.) Defendant acknowledged that the complaint defined the class as current and former non-exempt employees employed by Defendant "at any time between January 1, 2021, and the date of class certification." (*Id.* (citing Compl. ¶ 20.).)  Defendant did not explain why its four-year liability period was reasonable despite the *Swayzer* Order.

CAFA's jurisdictional requirements, including the amount in controversy, "are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Harris*, 980 F.3d at 701.  Considering the *Swayzer* Order, remedies for alleged violations occurring prior to January 1, 2021, do not appear to be at stake in this litigation.   Defendant's arguments are unavailing.  Accordingly, Defendant failed to

meet its burden by a preponderance of the evidence to support its assumption of a four-year liability period to calculate the amount in controversy in this action.

Plaintiff's motion to remand is granted.  This action is remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated:  February 1, 2023

_____
Hon. M. James Lorenz
United States District Judge